IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURTNEY DOZOR,                          :        CIVIL ACTION
                                         :
                        PLAINTIFF,       :
                                         :
                                         :        NO.  06-CV-187
                v.                       :
                                         :
CITY OF PHILADELPHIA AND                 :
OFFICER WILLIAM GRESS,                   :
BADGE NUMBER 4702,                       :
INDIVIDUALLY AND AS A POLICE OFFICER     :
FOR THE CITY OF PHILADELPHIA,            :
C/O LAW DEPARTMENT                       :
1515 ARCH STREET,                        :
PHILADELPHIA, PA 19102                   :
                                         :
                        DEFENDANTS.      :

## CIVIL ACTION

1.      This action is brought pursuant to 42 U.S.C. §1983 and was removed from the

Pennsylvania state court system under 28 U.S.C. § 1441.  Jurisdiction exists under 28 U.S.C. §§

1331 and 1343 (1), (3), and (4) and the aforementioned statutory provision.  Plaintiff further

invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and

adjudicate state law claims.

## PARTIES

2.      Plaintiff is Courtney B. Dozor, an adult who resides at 44 Cambridge Road,

Broomall, Pennsylvania 19008, is a resident of the Eastern District of Pennsylvania, and at all

times relevant to this action was present in Philadelphia, Pennsylvania.

3.      Defendant City of Philadelphia is a municipality of the Commonwealth of

Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department which employs Defendants Gress.

4.     Defendant Gress is a police officer for the Philadelphia Police Department acting under color of state law.  He is being sued in his individual capacity.

5.     At all relevant times, the Defendants were acting in concert and conspiracy and their actions deprived Plaintiff Courtney B. Dozor of her constitutional and statutory rights.

## FACTUAL ALLEGATIONS

6.     At all times relevant and material hereto, Plaintiff Courtney B. Dozor (hereafter "Plaintiff") assisted in various promotional activities for a band called "Townhall," including distributing flyers/handbills for the band which provided information about the band's next scheduled concert.

7.     At all times relevant and material hereto, Plaintiff was legally authorized to distribute such flyers/handbills pursuant to a valid license issued by the Philadelphia Department of Licenses and Inspections.

8.     On June 11, 2005, Plaintiff attended a concert at a venue called the *Theatre of the Living Arts* located on or near the 300 block of South Street in Philadelphia, after which she intended to hand out flyers/handbills for "Townhall."

9.     When the concert ended and the audience began to leave, Plaintiff exited the premises to begin lawfully handing out the flyers/handbills.

10.    Plaintiff took no more than three steps outside the front door of the *Theatre of the Living Arts* when without warning, cause,  justification, or consent, Defendant Gress firmly

grabbed Plaintiff's arm, pulled her into the street, and handcuffed her. All of this occurred without Plaintiff having handed out a single flyer/handbill.

11.     Plaintiff remained handcuffed while (a) Defendant Gress made her stand in the street in front of the *Theatre of the Living Arts*, (b) she was placed in a police car and driven to a police station, and (c) she was required to wait at the police station.

12.     Without cause or justification, Defendant Gress assaulted Plaintiff, handcuffed her and placed her under arrest, causing her to sustain injuries and harm.

13.     Without cause or justification, and in the absence of probable cause, Plaintiff was arrested and charged with a criminal summary offense under the laws of the County of Philadelphia.

14.     At the police station, Plaintiff was detained for an extended period.

15.     Without cause or justification, Plaintiff was later released with a Criminal Citation charging her with illegally distributing flyers/handbills. As a result, Plaintiff was compelled to make a courtroom appearance, and subjected to a baseless criminal prosecution, at the Municipal Court of Philadelphia.

16.     On June 13, 2005, Plaintiff, while unrepresented, appeared before the Honorable Wendy Pew of the Municipal Court of Philadelphia. Based upon false information provided to the District Attorney's Office by Defendant Gress, and without cause or justification, an attempt was made to amend the Criminal Citation to include an additional baseless criminal charge. Moreover, based upon false information and/or testimony provided by Defendant Gress, Plaintiff was found guilty of illegal distribution of flyers/handbills and sentenced to 30 hours of community service, a $25 fine, and court costs of $143.50.

17.     As a result of the finding of guilt at the June 13th criminal proceeding, Plaintiff was compelled to retain private counsel, appeal the June 13th finding of guilt and resulting sentence, and was required to make another compulsory courtroom appearance.

18.  On October 18, 2005, Plaintiff, while represented by counsel, appeared for trial before the Honorable Joyce S. Kean, Court of Common Pleas of Philadelphia, Trial Division.  At the conclusion of the proceeding, Plaintiff was found not guilty of the charge against her.

19.     Plaintiff did not commit any offenses against the laws of the County of Philadelphia, the Commonwealth of Pennsylvania, or the United States, and did not engage in any conduct which justified the actions by the Defendants.

20.     The unlawful arrest, detention and use of force in this case were a direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff to the use of force, arrest and prosecution in the absence of probable cause.

21.     The actions and conduct of defendant Gress was undertaken, at least in part, in response to and in retaliation for Plaintiff's exercise of protected First Amendment rights.

22.     Defendant Gress acted wilfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

23.     As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered and continues to suffer psychological harm, as well as financial losses.

24.     Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting Plaintiff to the unreasonable use of force, to unlawful arrest, unlawful detention, and by subjecting Plaintiff to malicious prosecution.

4

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

25.     Plaintiff incorporates by reference paragraphs 1-24 of this Civil Action.

26.     As a direct and proximate result of the Defendants' conduct, committed under color of state law, Plaintiff was deprived of the right to be free from the unreasonable use of force, unlawful arrest, unlawful detention, and malicious prosecution.  Plaintiff was denied the right to be secure in one's person and property, to due process of law, and to freedom of speech, association and expression.  As a result, Plaintiff suffered and continues to suffer harm in violation of her rights under the Constitution of the United States, in particular the First, Fourth, Fifth, and Fourteenth Amendments, and 42 U.S.C. § 1983.

27.     As a direct and proximate result of the acts of the Defendants, Plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to her detriment and harm.

28.     Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

(a)     The use of force and unlawful detention and arrests by police officers;

(b)     The proper exercise of police powers, including but not limited to the use of force, unlawful detention, unlawful arrest, malicious prosecution, and violations of citizens' free speech rights, particularly in connection with lawful activities like the one performed here by Plaintiff in June 2005;

(c)     The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to

5

function as officers;

(d)     The failure to identify and take remedial or disciplinary action against police

officers who were the subject of prior civilian or internal complaints of

misconduct;

(e)     Police officers' use of their status as police officers to employ the use of force and

unlawful arrest, or to achieve ends not reasonably related to their police duties;

(f)     The implementation of or acquiescence in a policy, practice and custom of

undertaking arrests in the South Street business district in the absence of probable

cause;

(g)     The use of police powers to undertake pretextual arrests and prosecutions in the

South Street business district and elsewhere to resolve alleged "quality of life"

offenses without regard to the constitutional rights of individuals including

Plaintiff; and,

(h)     The failure of police officers to follow established policies, procedures, directives

and instructions regarding the use of force and arrest powers under such

circumstances as present in this case.

29.     The City of Philadelphia failed to properly sanction or discipline officers who are

aware of and conceal and/or aid and abet violations of constitutional rights of individuals by

other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police,

including the defendant officer in this case, to violate the rights of citizens such as Plaintiff.

30.     Defendants have by the above described actions deprived Plaintiffs of rights

secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution

6

in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

30.     Plaintiff incorporates by reference paragraphs 1-29 of this Civil Action.

31.     The acts and conduct of the individual defendant in his individual capacity in this cause of action constitute assault and battery, false arrest and false imprisonment, defamation and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff Courtney B. Dozor requests the following relief:

A.     Compensatory damages as to all defendants;

B.     Punitive damages as to the individual defendant;

C.     Reasonable attorneys' fees and costs as to all defendants;

D.     Such other declaratory and further relief as appears reasonable and just including, but not limited to, a judgment that the City of Philadelphia has failed to properly train, supervise and discipline police officers regarding the use of police powers and to undertake pretextual arrests and prosecutions in the South Street business district and elsewhere to resolve alleged "quality of life" offenses without regard to the constitutional rights of individuals including Plaintiff; and,

E.      A jury trial as to each defendant and as to each count.

**SPRAGUE & SPRAGUE**


By: /s/ Joseph R. Podraza, Jr.
        RICHARD A. SPRAGUE, ESQUIRE
        JOSEPH R. PODRAZA, JR., ESQUIRE
        STEPHEN R. KURENS, ESQUIRE

        Suite 400, The Wellington Building
        135 South 19th Street
        Philadelphia, PA 19103
        (215) 561-7681

Date: February 10, 2006                 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Joseph R. Podraza, Jr., hereby certify that a true and correct copy of the forgoing

pleading was served by first class mail, postage pre-paid, on the below indicated date, to the

individuals and at the addresses identified below:


MICHELE L.P. DEAN, ESQ.
ASSISTANT CITY SOLICITOR
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
 (215) 683-5440

(Counsel for Defendants)



Date: February 10, 2006                    /s/ Joseph R. Podraza, Jr._____
                                               Joseph R. Podraza, Jr.

                                               Suite 400
                                               The Wellington Building
                                               135 S. 19th Street
                                               Philadelphia, PA 19103
                                               (215) 561-7681