IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY DOZOR, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | NO.  06-CV-187 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA And | : | |
| OFFICER WILLIAM GRESS, | : | |
| BADGE NUMBER 4702, | : | |
| individually and as a police officer | : | |
| for the City of Philadelphia, | : | |
| c/o Law Department | : | |
| 1515 Arch Street, | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO COMPEL**

NOW COMES Plaintiff Courtney Dozor, by and through her attorneys, Sprague & Sprague, requesting this Court to order defendant the City of Philadelphia to comply with discovery requested prior to the passing of the June 15, 2006, discovery deadline, but which only became known to plaintiff after defendant Officer William Gress was produced for deposition on June 9, 2006. In support of her motion, plaintiff incorporates her accompanying brief.

Moreover, after reasonable effort, the parties are unable to resolve the dispute.

WHEREFORE, plaintiff Courtney Dozor respectfully requests this Court to grant her motion to compel and direct the defendants to comply with the following discovery within a period of time designated by this Court: (1) the production of Lieutenant McShea for deposition, (2) the production of the form about which Officer Gress testified which the Police Department

apparently now uses to enforce violations of the Ordinance governing handbills, (3) the production of any document which addresses, pertains to, relates to, involves, and/or supports the enforcement of Philadelphia's Ordinance governing handbills as a summary offense and/or in a manner different than that specified under the Ordinance, (4) the production of any document which pertains to, relates to, involves, addresses the circumstances surrounding, the rationale for, and/or otherwise supports the creation of the form the Philadelphia Police Department apparently presently uses to enforce violations of the Ordinance governing handbills, (5) the production of any document which addresses, pertains to, relates to, involves, addresses the circumstances surrounding, the reasons for, and/or otherwise supports the recent training Officer Gress and his fellow officers received in 2006 about the procedure for enforcing Philadelphia's Ordinance governing handbills, and (6) the production of a copy of each Citation (Non-Traffic Statutory Offenses) issued between October 2004 and June 6, 2005, for Distribution-Handbill related violations for which Officer Gress is the identified Complainant.

             Respectfully submitted,

            **SPRAGUE & SPRAGUE**

      By: /s/ <u>Joseph R. Podraza, Jr.</u>
        RICHARD A. SPRAGUE, ESQUIRE
        JOSEPH R. PODRAZA, JR., ESQUIRE
        STEPHEN R. KURENS, ESQUIRE

        Suite 400, The Wellington Building
        135 South 19th Street
        Philadelphia, PA 19103
        (215) 561-7681

Date: July 18, 2006      *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY DOZOR, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 06-CV-187 |
| v. | : | |
| CITY OF PHILADELPHIA And OFFICER WILLIAM GRESS, BADGE NUMBER 4702, individually and as a police officer for the City of Philadelphia, c/o Law Department 1515 Arch Street, Philadelphia, PA 19102 | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff Courtney Dozor's motion to compel discrete discovery. Because compelling reasons exist for the granting of this motion as potentially required under the Court's Policies and Procedures, plaintiff submits at the outset that this motion should be granted.

By way of pertinent background, this is a civil rights action under 42 U.S.C. §1983 with pendant state-law claims, based on the defendants' unlawful arrest of plaintiff in direct violation of the explicit provisions of §§10-718 and -723 of the Philadelphia Code, the pertinent sections to an Ordinance relating to the distribution of handbills which defendants claim to have been purportedly enforcing. A true and correct copy of the pertinent sections of the Ordinance is attached hereto as Exhibit "A." Plaintiff's arrest was unlawful because she was distributing

handbills under a valid license as authorized under §10-723, defendants' bald claims to the contrary notwithstanding.  Moreover,  plaintiff's arrest was unlawful because §10-718 explicitly requires an officer to hand a notice of violation to a violator, and does not authorize/permit the arrest and handcuffing of a violator.

On June 9, 2006 – six days before the passing of the discovery deadline, Officer William Gress, the arresting officer, was produced for deposition and testified to his knowledge about (a) the provisions of §10-723 prior to his arrest of plaintiff and (b) the enforcement provisions of the Ordinance (§10-718) which do not authorize the arrest of violators.[1]  Dep. of Officer Gress at pp. 66-70, copies of which are attached hereto as Exhibit "B."  Officer Gress further testified that (a) his commanding officer, Lieutenant McShea, purportedly told him (Officer Gress) he could arrest violators of the subject Ordinance, notwithstanding that the Ordinance does not authorize such enforcement, (b) he (Officer Gress) has since received training for the lawful enforcement of the subject Ordinance, training which does *not* allow arrest as a viable means of enforcement of the subject Ordinance, and (c) he (Officer Gress) had arrested and handcuffed about 100 other individuals for violating the Ordinance in question prior to the date of this incident.  Exhibit "B" at pp. 31, 58, and 70-75.

Significantly, because (a) Lieutenant McShea had not been identified by defendants as a potential witness prior to June 9, 2006, (b) the Police Department's special training, conducted

---

[1] The Ordinance in question did not and does not authorize the arrest of any violator.  Instead, the Ordinance specifically requires a police officer to issue a notice of violation to the violator.  Officer Gress admittedly did not follow the enforcement procedure delineated under the Ordinance because "I [Officer Gress] was not trained at [the time of the arrest of plaintiff] in code violations, which is the written violation.  I was not trained in that.  Therefore, I could not issue that.  If I was trained in it, she would have been issued a citation at that point."  Exhibit "B" at p. 65.

*after* plaintiff's arrest, for the lawful enforcement of the subject Ordinance had not been disclosed prior to June 9, 2006, and (c) disclosure of the magnitude of Officer Gress' unlawful arrests in violation of the subject Ordinance had not been disclosed prior to June 9, 2006, counsel for plaintiff hand-delivered a letter on June 12, 2006, to counsel for the defendants regarding follow-up discovery to Officer Gress' June 9th deposition. The June 12th letter states:

> Please accept this letter as requesting follow-up discovery to Officer Gress' deposition taken on June 9, 2006. Such discovery includes:
>
> 1. The scheduling of the deposition of Officer Gress' supervisor who, according to Officer Gress, instruct[ed] him (Officer Gress) about enforcement of the Ordinance governing handbills;
>
> 2. The form about which Officer Gress testified which has apparently been recently created for violations of the Ordinance governing handbills;
>
> 3. Any document which addresses, pertains to, relates to, involves, and/or supports the enforcement of the Ordinance governing handbills as a summary offense and/or in a manner different than that specified under the Ordinance;
>
> 4. Any document which pertains to, relates to, involves, addresses the circumstances surrounding, the rationale for, and/or otherwise supports the creation of the form which has apparently been recently created for violations of the Ordinance governing handbills;
>
> 5. Any document which addresses, pertains to, relates to, involves, addresses the circumstances surrounding, the reasons for, and/or otherwise supports the recent training Officer Gress and his fellow officers have received for enforcement of the Ordinance governing handbills; and,
>
> 6. A copy of each Citation (Non-Traffic Statutory Offenses) issued between October 2004 and June 6, 2005, for Distribution-Handbill related violations for which Officer Gress is the identified Complainant.
>
> Your prompt attention to these discovery matters is greatly appreciated. Should you have any questions, please feel free to call me.

A true and correct copy of the June 12th letter is attached hereto as Exhibit "C."

3

When no response to the June 12th letter was received, counsel for plaintiff sent, by hand-delivery, a letter dated June 22, 2006 to counsel for the defendants, which states:

> Ten (10) days have passed since you received my letter dated June 12, 2006, without response by you. Please advise when I may anticipate receipt of a date for the deposition of Lieutenant McShea, Officer Gress' supervisor, and the other documents responsive to the requests in my June 12th letter. Please respond to this letter by Wednesday, June 28, 2006, to avoid our needing to burden the Court with the filing of an appropriate motion.
>
> Your prompt attention to this discovery is greatly appreciated. Should you have any questions, please feel free to call me.

A true and correct copy of the June 22nd letter is attached hereto as Exhibit "D."

By letter dated June 23, 2006, but received by counsel for the plaintiff on June 27, 2006, counsel for the defendants responded as follows:

> I am in receipt of your letter of June 22, 2006 regarding your June 12, 2006, request for documents and other items of discovery. Under the discovery rules a party is given thirty (30) days to provide responses to discovery requests. Moreover, as you are aware, the Court's Order of March 23, 2006, requires that all discovery be served, noticed and completed by June 15, 2006. Please contact me if you would like to seek an extension of the discovery deadlines.

A true and correct copy of the June 23rd letter is attached hereto as Exhibit "E."

Plaintiff does not desire an extension of the discovery deadline nor relief which might deleteriously impact the trial date for this case of September 18, 2006. Instead, plaintiff submits that compelling reasons exist for requiring defendants to comply with the limited follow-up discovery addressed in the June 12th letter despite the passing of the June 15th discovery deadline, given that the relevant knowledge of Lieutenant McShea and the other information requested in plaintiff's June 12th letter was not earlier disclosed in defendants' Answer, self-executing disclosure statement pursuant to Rule 26(a), or in response to plaintiff's propounded written

discovery. The discovery sought is relevant to the claims in this case and, thus, plaintiff will be prejudiced if the requested discovery is not permitted. Conversely, defendants will not be prejudiced if they are ordered to meet and comply with their duties under the governing discovery rules.

For these reasons, plaintiff Courtney Dozor respectfully requests this Court to grant her motion to compel and direct the defendants to comply with the following discovery within a period of time designated by this Court: (1) the production of Lieutenant McShea for deposition, (2) the production of the form about which Officer Gress testified which the Police Department apparently now uses to enforce violations of the Ordinance governing handbills, (3) the production of any document which addresses, pertains to, relates to, involves, and/or supports the enforcement of Philadelphia's Ordinance governing handbills as a summary offense and/or in a manner different than that specified under the Ordinance, (4) the production of any document which pertains to, relates to, involves, addresses the circumstances surrounding, the rationale for, and/or otherwise supports the creation of the form the Philadelphia Police Department apparently presently uses to enforce violations of the Ordinance governing handbills, (5) the production of any document which addresses, pertains to, relates to, involves, addresses the circumstances surrounding, the reasons for, and/or otherwise supports the recent training Officer Gress and his fellow officers received in 2006 about the procedure for enforcing Philadelphia's Ordinance governing handbills, and (6) the production of a copy of each Citation (Non-Traffic Statutory Offenses) issued between October 2004 and June 6, 2005, for Distribution-Handbill related violations for which Officer Gress is the identified Complainant.

                                        Respectfully submitted,

                                        **SPRAGUE & SPRAGUE**

                               By: /s/ Joseph R. Podraza, Jr.
                                    RICHARD A. SPRAGUE, ESQUIRE
                                    JOSEPH R. PODRAZA, JR., ESQUIRE
                                    STEPHEN R. KURENS, ESQUIRE

                                    Suite 400, The Wellington Building
                                    135 South 19th Street
                                    Philadelphia, PA 19103
                                    (215) 561-7681

Date: July 18, 2006                          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     I, Joseph R. Podraza, Jr., hereby certify that a true and correct copy of the forgoing motion was served by first class mail, postage pre-paid, on the below indicated date, to the individual and at the address identified below:

Nadine M. Overton, Esquire
ASSISTANT CITY SOLICITOR
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
 (215) 683-5440

(Counsel for Defendants)


Date: July 18, 2006    By: /s/ <u>Joseph R. Podraza, Jr.</u>

    Suite 400
    The Wellington Building
    135 S. 19th Street
    Philadelphia, PA 19103
    (215) 561-7681